IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| OSCAR WAYNE MILLER,<br><br>  Plaintiff,<br><br>vs.<br><br>MEGAN J. BRENNAN,<br>POSTMASTER GENERAL, UNITED<br>STATES POSTAL SERVICE,<br><br>  Defendant. | CIVIL ACTION NO.<br><br>1:15-CV-0079-CC |

## **OPINION AND ORDER**

This case is before the Court on the Non-Final Report and Recommendation [Doc. No. 11] (the "R&R") issued by Magistrate Judge Justin S. Anand on November 3, 2015. For the reasons set forth below, the R&R is **ADOPTED in part** and **rejected in part**.

### I.   BACKGROUND

Plaintiff Oscar Wayne Miller ("Plaintiff"), who is proceeding pro se and has filed both a Complaint [Doc. No. 4] and an Amended Complaint [Doc. No. 8], brings claims in this action against Megan J. Brennan,[1] Postmaster General for the United States Postal Service ("Defendant"). Plaintiff asserts or has previously asserted in this action that he has been discriminated against based on his race, sex, age, and disability and that he has been retaliated against for having made complaints about the alleged discrimination. The statutes pursuant to which Plaintiff seeks or earlier sought to bring his claims include the American with Disabilities Act of 1990, 42 U.S.C. §§ 12101, et seq., Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., Section 501 of the Rehabilitation Act of 1973, 29

---

[1] While Plaintiff originally brought this action against Patrick R. Donahoe, Megan J. Brennan is the current Postmaster General for the United States Postal Service and is automatically substituted as the Defendant in this case. See Fed. R. Civ. P. 25(d). Therefore, the Court **DIRECTS** the Clerk of Court to amend the style of the case accordingly.

U.S.C. §§ 791, et seq., and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 627, et seq.

Defendant has moved to dismiss both the Complaint and Amended Complaint. (See Doc. Nos. 7, 9.) Magistrate Judge Anand recommends that Defendant's Motion to Dismiss the original Complaint be denied as moot and that Defendant's Motion to Dismiss Plaintiff's Amended Complaint (the "Motion to Dismiss") be granted in part and denied in part. Specifically, Magistrate Judge Anand recommends that the Motion to Dismiss be granted as to Plaintiff's claims under the Americans with Disabilities Act and that the Motion to Dismiss be denied as to Plaintiff's other claims but only to the limited extent set forth in the R&R. On November 17, 2015, Defendant filed objections to the R&R. (See Doc. No. 13.) The R&R and Defendant's objections are now ripe for the Court's review.

## II. STANDARD OF REVIEW

After reviewing a magistrate judge's findings and recommendations, a district judge may accept, reject, or modify the findings or recommendations. 28 U.S.C. § 636(b)(1). A party challenging a report and recommendation must "file . . . written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." Macort v. Prem, Inc., 208 F. App'x 781, 783 (11th Cir. 2006) (citation and internal quotation marks omitted); see also Fed. R. Civ. P. 72(b)(2). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (citation omitted). The district judge must "give fresh consideration to those issues to which specific objection has been made by a party." Id. "Frivolous, conclusive, or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) (citation omitted). Those portions of a report and recommendation to which an objection has not been made are reviewed for plain error. United States v. Slay,

714 F.2d 1093, 1095 (11th Cir. 1983).

## III.   DISCUSSION

### A.   Leave Without Pay

The primary issue impacting the viability of several of Plaintiff's claims is whether Plaintiff has alleged a cognizable adverse employment action, which would permit Plaintiff's employment discrimination and retaliation claims to proceed. Magistrate Judge Anand determined that all but one of the adverse employment actions about which Plaintiff complains failed to rise to the level of "[a] tangible employment action constitu[ing] a *significant* change in employment status, such as hiring, firing, failing to promote, reassignment with *significantly* different responsibilities, or a decision causing a *significant* change in benefits." Davis v. Town of Lake Park, Fla., 245 F.3d 1232, 1239 (11th Cir. 2001) (emphasis in original). The employment action that Magistrate Judge Anand found to be materially adverse was Plaintiff's being forced to take leave without pay for nearly an entire day of work that he was scheduled, ready, willing, and able to perform. (See R&R at 17-20.)

In the objections to the R&R, Defendant urges the Court to consider new arguments and evidence relevant to this adverse employment action, which Defendant did not present to Magistrate Judge Anand. While district courts may consider new evidence and arguments raised for the first time in an objection to a recommendation, they are not obligated to do so. Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009) ("a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge"). This Court declines to consider Defendant's new arguments and evidence, which Defendant easily could have presented when Defendant first filed the Motion to Dismiss Plaintiff's Amended Complaint.

Based on a de novo review of the record, as it existed at the time that Magistrate Judge Anand considered Defendant's Motion to Dismiss Plaintiff's

Amended Complaint, the Court agrees with Magistrate Judge Anand's analysis and conclusion that Plaintiff's allegations concerning his being forced to take leave without pay are sufficient at the motion to dismiss stage to establish a materially adverse employment action. In Defendant's Memorandum in Support of Defendant's Motion to Dismiss Plaintiff's Amended Complaint, Defendant only generally addressed the issue of whether being forced to take leave without pay constitutes an adverse employment action and argued, without citing any legal authority, that it did not.[2] (See Mem. Supp. of Def.'s Mot. to Dismiss Pl.'s Am. Compl. [Doc. No. 9-1] at 12.) However, several courts have concluded that forcing an employee to take leave without pay may constitute an adverse employment action because it directly affects the employee's compensation. Franklin v. Potter, 600 F. Supp. 2d 38, 72 (D.D.C. 2009) ("[B]eing sent home without pay, as was the case here, would satisfy a prima facie case for a materially adverse action."); Johnson v. Alice Ind. School Dist., No. C-12-170, 2012 WL 4068678, at *3 (S.D. Tex. Sept. 14, 2012) ("While administrative leave, by itself, may not constitute an adverse employment action, being placed on administrative leave without pay does."); Morales v. Ga. Dep't of Human Res., No. 7:08-156 (HL), 2010 WL 4639279, at *13 (M.D. Ga. Nov. 8, 2010) (collecting cases holding that requiring an employee to take leave without pay could be considered an adverse employment action); Wingfield v. S. Univ. of Fla., Inc., No. 8:09-cv-01090-T-24-TBM, 2010 WL 2465189, at *13 (M.D. Fla. June 15, 2010) (holding that forcing an employee to take leave without pay alters the employee's compensation and the terms, conditions, and privileges of the employee's employment); White v. Potter, No. 1:06-CV-1759-TWT, 2007 WL 1330378, at *11 (N.D. Ga. Apr. 30, 2007) (concluding that the defendant's requirement that the plaintiff take leave without pay constituted a materially

---

[2] Most of Defendant's analysis and cited legal authorities focused on whether an employee's placement on or being charged with AWOL status constitutes an adverse employment action.

adverse action under the circumstances); Kinsey v. City of Jacksonville, No. 3:01 CV 785, 2005 WL 3307211, at *8 (M.D. Fla. Dec. 6, 2005) ("Requiring an employee to take leave without pay could be considered an adverse employment action as it directly affects the employee's compensation."), aff'd 189 F. App'x 860 (11th Cir. 2006). Therefore, at this stage of the litigation, the allegations that Plaintiff had to take leave without pay when he was present and ready to work are sufficient to constitute an adverse employment action supporting a prima facie case of discrimination and retaliation.[3]

  B. Rehabilitation Act Claims

Defendant next objects to Magistrate Judge Anand's recommendation that the Court permit claims under the Rehabilitation Act to proceed. Defendant argues that Plaintiff did not allege any such claims in Plaintiff's Amended Complaint. The Court agrees with Defendant and sustains this objection. In the Amended Complaint, Plaintiff makes no mention of the Rehabilitation Act or any claims based on an alleged disability. As acknowledged in the R&R, "an Amended Complaint completely supersedes the original and becomes the operative pleading." (R&R at 9 (citing Lowery v. Ala. Power Co., 483 F.3d 1184, 1219, (11th Cir. 2007)). Therefore, to the extent that Plaintiff has not withdrawn his Rehabilitation Act claims, those claims are due to be dismissed.

## IV. CONCLUSION

In sum, except for the Magistrate Judge's intimation that Plaintiff's Rehabilitation Act claims should survive Defendant's Motion to Dismiss, the Court finds that the R&R is correct both in fact and in law. Therefore, based on the

---

  [3] The Court infers that Plaintiff was present at his scheduled time for work and that the facility opened late, since Defendant allegedly compensated Plaintiff for the inconvenience of wait time. These allegations and inferences ultimately may be disproved, but they are sufficient at this juncture to permit Plaintiff's claims to survive Defendant's Motion to Dismiss.

information and arguments that were presented to the Magistrate Judge, the Court **ADOPTS in part** and **REJECTS in part** the R&R.

The Court **GRANTS** Defendant's Motion to Dismiss [Doc. No. 9] to the extent that Plaintiff's claims under the Americans with Disabilities Act and the Rehabilitation Act are hereby **DISMISSED,** and the Court **DENIES** Defendant's Motion to Dismiss [Doc. No. 9] to the extent that all other claims shall be permitted to proceed as set forth in the R&R.

Defendant's earlier-filed Motion to Dismiss [Doc. No. 7] is hereby **DENIED as moot**.

SO ORDERED this 30th day of March, 2016.

*s/  CLARENCE COOPER*

CLARENCE COOPER
SENIOR UNITED STATES DISTRICT JUDGE